**RECORD NO. 13-4994**

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSHUA DYLAN BENNETT,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE  DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**OPENING BRIEF OF APPELLANT
JOSHUA DYLAN BENNETT**

Josiah J. Corrigan
Jacob P. Warner
Perry, Perry & Perry
P.O. Drawer 1475
Kinston, North Carolina 28503
(252) 532-5107
josiah@perryattorneys.com
jake@perryattorneys.com

*Counsel for Appellant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ iii

PREAMBLE ....................................................................................1

CERTIFICATE OF INTERESTED PERSONS ...........................................2

STATEMENT OF JURISDICTION........................................................3

ISSUES PRESENTED.......................................................................3

STATEMENT OF THE CASE...............................................................4

SUMMARY OF THE ARGUMENT .......................................................5

ARGUMENT ..................................................................................6

I.    WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE
      ERROR DURING MR. BENNETT'S GUILTY PLEA? .............................6

      Standard of Review ................................................................6

      Analysis ...............................................................................6

II.   WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE
      ERROR DURING MR. BENNETT'S SENTENCING?................................8

      a.    Presentence Report and Objections Prior To Sentencing ...................8

      b.    Presentence Report at Sentencing ........................................8

      c.    Defendant's Right to Appeal................................................9

      d.    Adequacy of Reasons of Sentence; 18 U.S.C. § 3553 .........................9

      e.    Offense Level Calculation....................................................10

      f.    Criminal History Calculation ............................................12

i

g.    Advisory Guidelines Range ................................................12

h.    Statutory Minimum or Maximum and Fine Range ...........................12

III.  WHETHER THE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL DURING MR. BENNETT'S SENTENCING? ................................................13

a.    Presentence Report and Objections Prior To Sentencing ..................14

b.    Standard of Ineffective Assistance of Counsel ...............................14

c.    Burden of Proof Not Carried ................................................15

d.    Application of the Ineffective Assistance Standard during Sentencing ................................................17

SUMMARY ................................................19

CONCLUSION ................................................20

STATEMENT REGARDING ORAL ARGUMENT ...........................20

CERTIFICATE OF COMPLIANCE ................................................21

CERTIFICATE OF SERVICE ................................................22

ii

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Anders v. California,*
 386 U.S. 738 (1967) .................................................................................1, 20

*Hodge v. Haeberlin,*
 579 F.3d 627 (6th Cir. 2009)...............................................................16

*McMann v. Richardson,*
 397 U.S. 759 (1970) .............................................................................14

*Strickland v. Washington,*
 466 U.S. 668 (1984) ...........................................................13, 14, 15, 16

*United States v. DeFusco,*
 949 F.2d 114 (4th Cir. 1991)...............................................................6

*United States v. Lyons,*
 53 F.3d 1321 (D.C. Cir. 1995) ...........................................................6

<u>STATUTES  & REGULATIONS</u>

18 U.S.C. § 3553.................................................................................8, 9

21 U.S.C. § 841(b)(1)(A)....................................................................3, 4, 10
21 U.S.C. § 841(b)(1)(B)(viii)............................................................12, 13
21 U.S.C. § 841(c)(2) .........................................................................12, 13
21 U.S.C. § 846...................................................................................3, 4
21 U.S.C. § 846...................................................................................10
28 U.S.C. § 1291.................................................................................3
21 C.F.R. 1310.02(a)(11).....................................................................12

<u>RULES</u>

Fed. R. Crim. P. 32 .............................................................................8

<u>SENTENCING GUIDELINES</u>

U.S.S.G. § 2D1.1 ...................................................................10, 13, 15, 17, 19

U.S.S.G. § 2D1.1(b)(1)............................................................................10

U.S.S.G. § 3E1.1(a)&(b) .....................................................................10, 11

U.S.S.G. § 5A .........................................................................................12

U.S.S.G. § 5E1.1(c)(4) ............................................................................13

U.S.S.G. § 5K1.1 ....................................................................................14

<u>UNITED STATES CONSTITUTION AMENDMENTS</u>

U.S. Const. amend. VI.............................................................................14

## **PREAMBLE**

I have submitted this brief in accordance with the provisions and obligations established in *Anders v. California*, 386 U.S. 738 (1967). After having thoroughly and comprehensively examined this record and after having researched the relevant statutes and case law, I have concluded that this appeal presents no meritorious issues. Therefore, I respectfully request permission of this Court to withdraw as attorney of record and to allow Appellant Joshua Dylan Bennett to file any additional briefs he may deem necessary or to appoint subsequent counsel.

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The following individuals may have an interest in this matter. I am making this representation so the members of this Court may evaluate possible disqualification or recusal.

**District Judge:**                                    The Honorable Catherine C. Eagles

**United States Attorney for**
**The Eastern District of North Carolina:**    Mr. Thomas G. Walker

**Assistant United States Attorney for**        Mr. Steven Inman and
**The Eastern District of North Carolina:**    Mr. Graham Green

**Appellant:**                                        Mr. Joshua Dylan Bennett

**Trial Counsel:**                                    Mr. Seth A. Neyhart

**Appellate Counsel:**                              Mr. Josiah J. Corrigan

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this matter pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). This Court has jurisdiction over this appeal pursuant to 28 U.S.C § 1291. Joshua Dylan Bennett timely gave notice of appeal on December 29, 2013. This appeal is from a final order.

## ISSUES PRESENTED

My review of the record reveals only issues that I feel that I cannot advance in good faith.  Any meritorious arguments would necessarily arise from Mr. Bennett's guilty plea, and/or Mr. Bennett's sentencing, and/or ineffective assistance of counsel provided at trial in district court. Accordingly, I respectfully present the following issues in this *Anders* appeal:

I.    Whether the district court committed reversible error during Mr. Bennett's guilty plea?

II.   Whether the district court committed reversible error during Mr. Bennett's sentencing?

III.  Whether trial counsel rendered ineffective assistance of counsel during Mr. Bennett's sentencing?

## STATEMENT OF THE CASE

On September 4, 2013 Mr. Bennett pleaded guilty, pursuant to a written Plea Agreement, to Count One under 21 U.S.C. § 846 and § 841(b)(1)(A), Object One, "conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and Count One, Object Three, "conspiracy to possess pseudoephedrine, knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine." (RI:99).[1] "Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Count One, Object One, being conspiracy to distribute 50 grams or more of methamphetamine, and Object Three, being conspiracy to possess a list one chemical.  On December 17, 2013, the court sentenced Mr. Bennett to 45 months imprisonment and 4 years supervised release for count one. Mr. Bennett timely filed a notice of appeal December 29, 2013. (R299).

---

[1] Because no Joint Appendix is submitted in this *Anders* brief, all references to the record are made as 1) R#: #, where "R" represents the record, followed by the record volume number and the particular page in that volume or 2) TR_____ :#, where "TR" represents Transcript followed by the event transcribed and the particular page in that transcript 3) PSR#: # at ¶, where "PSR" represents the Presentence Report followed by the page number and/or particular paragraph cited.

4

This *Anders* appeal arises from Mr. Bennett's guilty plea and subsequent sentencing. At sentencing, the Court calculated a Criminal History Category of I (TRSentencing: 3) and a Total Offense Level of 25 and recommended a guideline sentencing range of 60 to 71 months. (TRSentencing: 3).

## SUMMARY OF THE ARGUMENT

Appellate counsel has thoroughly reviewed the record and to the best of his ability has not been able to identify any meritorious issues. The only areas that could produce arguable issues arise from the Rule 11 colloquy of the guilty plea, the sentencing, and ineffective assistance of counsel during sentencing.

Appellate counsel's review of the record reveals that the district court fully complied with the requirements imposed by Rule 11 when reviewing and accepting Mr. Bennett's plea and that Mr. Bennett received the benefit of the assistance of his lawyer. The record demonstrates that the court also complied with the relevant sentencing law when calculating an appropriate guideline range and imposing a sentence of 45 months imprisonment and 4 years supervised release.

# **ARGUMENT**

**I.    WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR DURING MR. BENNETT'S GUILTY PLEA?**

Standard of Review

Whether a district court properly satisfied the requirements imposed by Rule 11 of the Federal Rules of Criminal Procedure is analyzed for harmless error. *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). Under harmless error review, "[a]ny deviation from the requirements of Rule 11 is reversible unless the government demonstrates that it was 'harmless.'" *United States v. Lyons,* 53 F.3d 1321, 1322 n.1 (D.C. Cir. 1995).

Analysis

After a thorough and careful review of the record, appellate counsel has identified no action or inaction of the district court or trial counsel that suggests harmful error during the plea colloquy. Additionally, counsel has been unable to identify any aspect of the plea hearing that would suggest Mr. Bennett's plea was involuntary. Counsel has considered additional obligations the district court is required to fulfill and provides the following table demonstrating the obligation of the court and the record citation where the obligation was fulfilled:

| RULE 11 OBLIGATION | CITATION |
|---|---|
| 1. Right to plead not guilty or persist in not-guilty plea | TRPlea: 16 |
| 2. Right to a jury trial | TRPlea: 16,18 |
| 3. Right to counsel | TRPlea: 16 |
| 4. Certain specific rights at trial | TRPlea: 16,17 |
| 5. Defendant's waiver of trial rights | TRPlea: 38 |
| 6. Nature of charge | TRPlea: 27,28,44 |
| 7. Maximum possible penalty | TRPlea: 31 |
| 8. Mandatory minimum penalty | TRPlea: 30,31 |
| 9. Applicable forfeiture | TRPlea: 31 |
| 10. Court's authority to order restitution | TRPlea: 31 |
| 11. Court's obligation to impose a special assessment | TRPlea: 31 |
| 12. Court's obligation to calculate guidelines range and consider that range, statutory minimum and maximum, and possible departures | TRPlea: 35 |
| 13. Voluntariness of Plea | TRPlea: 22,33,39 |
| 14. Plea's factual basis | TRPlea: 41,44; R:1:70, 76 |

This Court's review may find that the district court failed to make the proper inquiry into the necessary relevant areas before it accepted Mr. Bennett's plea. If this Court does conclude that an error was made, and if that error was harmful to Mr. Bennett, then the matter should be remanded. Given the nature of the harmless error standard and the apparent thoroughness of the district court, it does not appear that any such error occurred or if an error did occur that Mr. Bennett was harmed by it.

## II.    WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR DURING MR. BENNETT'S SENTENCING?

Appellate counsel has thoroughly reviewed the district court's rulings at sentencing and has considered and evaluated the obligations established in Rule 32 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3553 and has been unable to identify any errors, clear or plain.

a.  <u>Presentence Report and Objections Prior To Sentencing</u>

The U.S. Probation Office prepared a Presentence Report on October 28, 2013.  (R:314). At the plea hearing, the district court inquired if Mr. Bennett had read and reviewed the Presentence Report with his attorney. (TRSentencing: 2). Mr. Bennett and his trial counsel had adequate time to review the PSR and file objections to it as required by Rule 32(f). Mr. Bennett's trial counsel prepared and filed at least one objection to the PSR, but chose to withdraw and abandon the objection. (TRSentencing: 3).

Given the in-depth analysis by the court and the opportunities provided to Mr. Bennett and his trial counsel, it appears that the obligations of Federal Rule of Criminal Procedure 32 were satisfied by the district court.

b.  <u>Presentence Report at Sentencing</u>

Appellate counsel has reviewed the record in relation to the requirements of Rule 32 and finds no error, clear or plain in the district

courts handling of the PSR. The court asked Mr. Bennett and his trial counsel if they had reviewed a copy of the PSR, to which they both replied in the affirmative. (TRSentencing: 2). The court accepted the PSR. (TRSentencing: 3). The government filed a motion pursuant to USSG § 5k1.1 "Substantial Assistance to Authorities" and asked the court to consider a deviation from the applicable guidelines sentencing range. (TRSentencing: 4). The presentence report at sentencing was amended the day before sentencing such that the guidelines for the sentence changed to 60 to 71 months. (TRSentencing: 3). The government and trial counsel agreed upon a total offense level of 25. (TRSentencing: 3).

      c.  <u>Defendant's Right to Appeal</u>

Appellate counsel has reviewed the record and has not identified any error in relation to Rule 32 and Mr. Bennett's right to be informed of his right to appeal his sentence. The district court properly advised Mr. Bennett of his right to appeal the judgment. (TRSentencing: 13).

      d.  <u>Adequacy of Reasons of Sentence; 18 U.S.C. § 3553</u>

Appellate counsel has thoroughly reviewed the record and finds no error, clear or plain, in relation to the district court's consideration of the § 3553 factors. Trial counsel argued in favor of a 35% downward deviation based upon § 3553 factors, including strong family support and Mr.

9

Bennett's acceptance of responsibility. (TRSentencing: 4,5). The court, in its discretion, rejected the trial counsel's recommendation, but the court did deviate downward from the applicable guidelines range according to the government's suggested 25% downward deviation and § 5k1.1 motion, "given [Mr. Bennett's] substantial cooperation." (TRSentencing: 10,11).

    e.  <u>Offense Level Calculation</u>

Mr. Bennett pleaded guilty to "Conspiracy to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine," (21 U.S.C. § 846, § 841(b)(1)(A)) and Conspiracy to Possess Pseudoephedrine, Knowing and Having Reasonable Cause to Believe That it Would be Used to Manufacture Methamphetamine" (21 U.S.C. § 846, § 841(b)(1)(A)). (RI:99). Initially, the PSR established a Base Offense Level of 28 because "the defendant possessed the marijuana equivalency of 404.8 kilograms of marijuana which is at least 400 kilograms grams, but less than 700 grams, pursuant to USSG §§2D1.1(a) and (c)(6). (PSR: 17). The Base Offense Level was increased by two levels to 30 "[b]ecause a dangerous weapon was possessed," pursuant to USSG §2D1.1(b)(1). (PSR: 18). The offense level was reduced by three levels, pursuant to USSG §3E1.1(a)&(b), on account of Mr. Bennett's acceptance

of responsibility. (PSR: 18). The PSR therefore established a total offense level of 27. (PSR: 18).

"Mr. Bennett objected to the calculation of his drug weight as constituting double-counting." (R1:214). Therefore, trial counsel argued that "Mr. Bennett should be held accountable for 50 grams of methamphetamine, and that would change his base offense level." (TRSentencing: 3.) The government agreed and the base offense level was reduced to 26 in a Sentencing Memorandum. (R1:214). From the newly agreed upon base offense level of 26, the offense level was increased to 28 because Mr. Bennett withdrew "his objections to the two-level enhancement for possession of a firearm and also . . . to the – essentially the safety valve provision under 2D1.11." (TRSentencing; 3). Then, the offense level of 28 was reduced by three levels, due to acceptance of responsibility under USSG §3E1.1(a)&(b). Therefore, his Total Offense Level was 25. (TRSentencing: 3).

Appellate counsel has reviewed the calculations in the PSR and the method that the district court utilized to reach a base offense level 25 and finds no error, clear or plain.

11

### f.  Criminal History Calculation

At the district court, Mr. Bennett did not object to the criminal history category of I based upon 0 total record points. Mr. Bennett had a criminal history score of 0. Therefore, it appears that the Criminal History Score was properly calculated by the court and that the score of 0 (placing Mr. Bennett in a Criminal History Category I), was correct. (PSR: 18). Appellate counsel has thoroughly reviewed the record and can find no error, clear or plain with the criminal history calculation.

### g.  Advisory Guidelines Range

Because it appears that Mr. Bennett's Criminal History Category was properly calculated as a category I and offense level 25, the recommended guideline range would have been 57 – 71 months. See, USSG § 5A – Sentencing Table. However, the statutory minimum is 60 months pursuant to 21 U.S.C. § 841(b)(1)(B)(viii). The district court informed Mr. Bennett of the statutory minimum and Mr. Bennett did not object. (TRSentencing: 3).

### h.  Statutory Minimum or Maximum and Fine Range

The penalty for count one, object one can be found at 21 U.S.C. § 841(b)(1)(B)(viii). The penalty for count one object one can be found at 21 U.S.C. § 841(c)(2). Pseudoephedrine is a list I chemical under 21 CFR 1310.02(a)(11). For count one, object one, the minimum period of

12

imprisonment is 5 years and the maximum is 40 years. (21 U.S.C. § 841(b)(1)(B)(viii). The maximum fine for this offense is $5,000,000. (21 U.S.C. § 841(b)(1)(B)(viii)). The minimum fine for this offense is $10,000. (USSG §5E1.1(c)(4)). The court waived the fine "based on [Mr. Bennett's] inability to pay." (TRSentencing: 12). The penalty for the count one object three conduct is a maximum of 20 years. (21 U.S.C. §841(c)(2)). The district court sentenced Mr. Bennett to a term of 45 months and a period of supervised release of 4 years. (TRSentencing: 11,12).

As such, the court's sentence complied with the statutory requirements and appellate counsel can find no error, clear or plain, with the statutory maximum or the fine.

### III. WHETHER THE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL DURING MR. BENNETT'S SENTENCING?

Appellate counsel has thoroughly reviewed the trial counsel's objections and advocacy and has considered and evaluated the obligations established in *Strickland v. Washington*, 466 U.S. 668 (1984) and has been unable to identify any errors, clear or plain in the assistance provided to Mr. Bennett by counsel. Although trial counsel decided to abandon the objections he had raised to the PSR and did not argue for a two level decrease pursuant to U.S.S.G. § 2D1.1, it is impossible to know what the

13

outcome of such advocacy would have been. Trial counsel is given wide discretion to determine the proper strategic course of action, given all of the variables and nuances at the time.  Mr. Bennett received the benefit of his lawyer's effective assistance in arguing for a further deduction from the government's motion for a reduction under U.S.S.G. § 5k1.1.

a.  Presentence Report and Objections Prior To Sentencing

Trial counsel filed eight objections to the Presentence Report on November 18, 2013. Among the objections that were made, several were withdrawn, with the exception of an objection to Mr. Bennett "being held responsible for both 30.48 grams of pseudoephedrine and 50 grams of methamphetamine, inter alia, because this calculation constitutes double counting." (R1:115). This objection was agreed to by the government and the total offense calculation was reduced to 25.

b.  Standard of Ineffective Assistance of Counsel

The US Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence [sic]."   U.S. Const. amend. VI. The Court has interpreted this "right to counsel [a]s the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). Whether the failure

14

of the trial attorney to make a motion for a two level decrease in the offense level under the United States Sentencing Guidelines ("USSG") §2D1.1 was a rendering of ineffective assistance is dependent upon whether the counsel deviated from the "reasonableness under prevailing professional norms." *Id.* at 688. Likely, counsel did not render ineffective assistance by failing to move for a two level deduction in the offense level pursuant to the recent amendments to the United States Sentencing Guidelines §2D1.1.

### c. Burden of Proof Not Carried

The burden of proof of ineffective assistance of counsel is on the defendant. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The standard for reviewing effective assistance of counsel is not specific but rather that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688.

The defendant must make two showings to determine that an attorney has rendered ineffective assistance of counsel requiring a reversal. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

15

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. "This [second component] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

However, "[c]ounsel is not ineffective merely for failing to obtain a desired ruling from the court." *Hodge v. Haeberlin*, 579 F.3d 627, 645 (6th Cir. 2009). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Judicial scrutiny is highly deferential because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* (citations omitted). Judicial scrutiny is highly deferential because "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Therefore, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (internal citations omitted). The analysis of the ineffective assistance of counsel claim is based upon the facts at the time, as "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* After a convicted defendant makes a specific claim, "[t]he court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

    d.   <u>Application of the Ineffective Assistance Standard during Sentencing</u>

The amendment to the USSG providing a two-level decrease in the offense level on the basis of drugs was passed in April 2014. Mr. Eric Holder, U.S. Attorney General, announced shortly thereafter that the Department of Justice and the U.S. Attorneys would act in accordance with the amendments from that point on and would not oppose motions under the new amendment, even though the amendments would not take effect until November 1, 2014. In a typical case, if trial counsel had advocated for level decrease pursuant to U.S.S.G. § 2D1.1, the government would not have

opposed the request and it would have been at the court's discretion whether to adopt the decrease or not. Mr. Bennett's offense level of 25 with a sentencing range of 57–71 months could theoretically have been reduced, to a 23 offense level with a sentencing range of 46–57 months. However, the statutory minimum sentence for this offense was 60 months.

Instead of moving for a decrease in the offense level, the defense attorney asked the court to reduce the 60 month mandatory minimum sentence by 35%. The court reduced the sentence to 25% because the court observed that "that appears to be appropriate given [the defendant's] substantial cooperation." T. at 241, lns. 3–4. The court denied the 35% reduction stating that ". . . he did have a substantial role in this offense. He pled guilty to the conspiracy to distribute, which is the reason for the minimum, but it seems to me that a larger departure is not appropriate given his role in this offense." T. at 241 ln. 6–12. Therefore, the court sentenced him to 45 months imprisonment, which was lower than the lowest end of the guidelines for either the offense level of 25 or the offense level of 23. T. at 241, ln. 13–14. However, if the defense attorney had moved to reduce the offense level to 23, and the court was able to consider the range of the guidelines from 46 to 57 months, then the court may have been inclined to reduce the statutory minimum sentence of 60 months by 35% to 39 months.

18

Apart from speculation regarding the impact this decrease in offense level would have had on the court, there was no prejudicial error to the defendant as a result of the trial counsel arguing for a 35% reduction instead of making a motion for a lower offense level. Additionally, it is impossible to determine whether or not the government would have still advocated for the §5K1.1 motion or the 25% reduction in sentence if trial counsel had pushed the issue of the § 2D1.1 reduction. It appears from the record that Mr. Bennett benefitted from effective assistance from his trial counsel and any hypothetical differences in advocacy fall squarely within trial counsels authority to make strategic and tactical decisions he deems most appropriate at the time.

## <u>SUMMARY</u>

Based upon a Criminal History score of I and a Total Offense Level 25, Mr. Bennett's guideline sentencing range would have been 57 to 71 months imprisonment and supervised release of up to 5 years. The statutory minimum for this offense level was 60 months. The statutory maximum for this offense conduct was not more than 40 years. Therefore, a sentence of 45 months, no fine and supervised release of 4 years for count one, objects one and three, was a downward deviation from the applicable sentence range.

## CONCLUSION

Pursuant to *Anders v. California*, I have thoroughly and comprehensively examined the record for issues that may be challenged on appeal. It is my opinion that there are no issues with merit that can be advanced in good faith. Therefore, I respectfully request that this Court permit my withdrawal from this case and permit the Appellant to file any additional brief in support of his appeal as he may see fit. Additionally, if this Court finds that there is an issue with merit, I respectfully request that this Court appoint subsequent counsel and direct briefing on any particular issues which the Court deems to have merit.

## STATEMENT REGARDING ORAL ARGUMENT

I am not requesting oral argument in this matter. Further, I have moved to withdraw and have filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After thorough and comprehensive examination of the record, the applicable law, statutes and United States Sentencing Guidelines, I believe that this case presents no meritorious appellate issues.

Respectfully submitted,

/S/ JOSIAH J. CORRIGAN

JOSIAH J. CORRIGAN
CJA-Attorney for Appellant

20

N.C. Bar ID: 40483
P.O. Drawer 1475
Kinston, N.C. 28503
Phone: (252) 523-5107
Fax: (252) 523-8858
Email: Josiah@perryattorneys.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.    This brief complies with the Type-volume limitation of Fed. R. App.
32(a)(7)(B) because:

      The word count of this brief is 3, 868.

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      This brief has been prepared in a proportionally spaced typeface using
Micro Soft Word, Times New Roman, 14 point.

June 20, 2014

                                        /S/ JOSIAH J. CORRIGAN

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this <u>20</u><sup>th</sup> day of June, 2014, I caused this *Anders* Brief of Appellant to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Graham Green
> Assistant U.S. Attorney
> Office of the U.S. Attorney
> 101 South Edgeworth Street
> Greensboro, North Carolina 27401

I further certify that on this <u>20</u><sup>th</sup> day of June, 2014, I caused the required copies of the *Anders* Brief of Appellant to be hand filed with the Clerk of the Court .

and mailed by United States Mail, the foregoing to the Appellant;

Joshua Dylan Bennett, Inmate# 29115057
FCI Fort Dix, PO Box 38
Fort Dix, NJ 08640

<u>/S/ JOSIAH J. CORRIGAN</u>
Josiah J. Corrigan
CJA-Attorney for Appellant

22